## BRIXEY v. CITY OF NEW YORK.

(Circuit Court, S. D. New York. May 21, 1906.)

TRIAL—INSTRUCTIONS—INAPPLICABILITY TO ISSUES.

    In an action against the city of New York to recover for a personal injury resulting from an explosion of dynamite stored and prepared in the street by a contractor for use in the excavation of the subway, which storage and preparation as conducted were alleged to be unnecessary, and to constitute a dangerous nuisance, where there was evidence tending to show that it could have been safely stored and kept in the excavation, an instruction that while the state statute prohibiting the storage of explosives in mines had no application if the city officers believed that the storing of the dynamite in the tunnel would be a violation of such statute, then the jury might "drop that question as to whether or not it was a nuisance to keep it above ground at all," was error prejudicial to plaintiff. and especially misleading, where there was no evidence whatever as to such belief.

On motion to set aside the verdict of the jury in favor of defendant, and for a new trial on various grounds, among others, because of errors in the charge.

Abel Crook, for plaintiff.

John J. Delany, for defendant.

RAY, District Judge. The verdict must be set aside and a new trial granted because of prejudicial error in the charge. The action was for damages sustained by the plaintiff by reason of the explosion of a large quantity of dynamite in one of the public streets of the city of New York, which was kept there opposite the Murray Hill Hotel for use in the excavation of the subway. The plaintiff was a guest in that hotel, and was sitting in his room when the explosion occurred. There is no question that he was seriously and to some extent permanently injured. Under the act authorizing the construction of this public work, the contractor and subcontractor prosecuting the work were authorized and had the right to do all things reasonably necessary to accomplish the purpose. In so doing they had the right to use certain designated portions of the public streets in all necessary ways. Things necessary to be done in these designated places, ordinarily nuisances, were not such under the circumstances and necessities of the case because of the legislative grant of authority. But these designated places in the public streets did not cease to be parts of the streets, and they were so far under the control of the city authorities that it was their duty to look out for and abate obviously dangerous nuisances existing there if they had express or implied notice. The keeping and preparing for use of dynamite in the place in question in necessary quantities was not a nuisance if properly done, and its presence there was reasonably necessary for the proper prosecution of the work. But if its presence there was not reasonably necessary, it became and was a nuisance, and it was the duty of the city to abate it if it had notice of its existence. A permit was granted for taking to and having at the place in question a specified amount of dynamite, but a much larger quantity was for a long time, and down to the happening of this event,

complained of habitually, and daily carried and kept there. It was also prepared for use in a little shanty above ground at this place as occasion required, and in cold weather the frozen dynamite was thawed therein and capped in a manner that was exceedingly dangerous; confessedly dangerous if the evidence of the one who handled it is to be credited. The plaintiff contended that the keeping and storing of this dynamite above ground in this shanty was not only obviously dangerous, but wholly unnecessary. The contention was, and is, also, that if necessary it was for a long time handled and kept and prepared there in such a plainly negligent and improper manner that a nuisance existed because of such handling. After the charge was completed and all· questions had been properly submitted, the counsel for the city requested the court to charge "that the statutes of the state known as the 'Labor Law,' in force on the 27th day of January, 1902 (the day of the accident), prohibited the storage of explosives in mines." The court said: "I so charge, but I charge that this was not a mine." "This" referred to the subway excavation, and there was evidence that the dynamite might have been kept and stored there safely. Some conversation between the court and counsel followed, and then the court said:

"Yes, that is true; but I also charge you that it was not a mine, and that it would not have been a violation of the labor law to have put this dynamite down there [meaning in the excavation]."

Defendant's counsel excepted. The court immediately added:

"But I do charge that if this city, or its officials having charge of the matter, believed that the storing of dynamite down there [in the subway excavation] was a violation of the labor law, that then you may drop that question as to whether or not it was a nuisance to keep it above ground at all."

The plaintiff's counsel excepted. Clearly this was prejudicial error. There was no evidence whatever that the officials of the city believed any such thing, or acted on any such assumption or theory. Again, the belief of the city officials charged with the duty of abating nuisances had nothing to do with the questions at issue. Again, the statement was dangerously near an instruction that if the city officials held and acted on that belief, then the keeping and storing and handling of the dynamite in the street for a long time in an obviously dangerous manner did not constitute a nuisance for which the city would be liable in case of injury therefrom. This statement obscured the whole issue, and put the case on a false basis, and probably misled the jury.

The motion for a new trial must be granted.